**NATIONAL BANK OF SOUTH CAROLINA v. LUCAS, Commissioner of Internal Revenue.**

Court of Appeals of District of Columbia.
Argued November 14, 1929.   Decided December 2, 1929.

No. 4889.

Adrian C. Humphreys, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest and Sewall Key, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on appeal from a decision of the United States Board of Tax Appeals involving the adjustment of petitioner's taxes for the years 1918 and 1919.

The petitioner, a South Carolina corporation, carried on its business as a bank of discount and deposit during the years in question. The board held that petitioner kept its books during the year 1918 on a cash basis, but, in so far as the matters here are concerned, we hold that they were kept on an accrual basis, under which petitioner, when a note was discounted, would estimate the amount of interest that would accrue or be earned in 1918, and the amount that would be earned in 1919, based upon the maturity of the note. Pursuant to this method, at the end of 1918 there had accrued as earned discount $10,473.77; and there was credited as unearned discount $9,297.94. Petitioner's return for the year 1918 was made upon this basis; and the Commissioner of Internal Revenue accepted petitioner's return for 1918 of $19,771.71 as correct, and it was taxed on this basis.

It appears that for the year 1919, and subsequent years, petitioner changed its method of accounting for discount to a cash basis. Consequently, in reporting its income for 1919, it reported all discount received during that year, deducting therefrom the sum of $10,473.77, discount which had accrued in 1918, and on which petitioner had been taxed, as a proper credit on the 1919 return. The question presented, therefore, is whether or not petitioner can be required to report and pay taxes the second time on income received in 1919, which was reported and taxed, with the Commisioner's approval, in the previous year.

Under section 212(b) of the Revenue Act of 1918, 40 Stat. 1057, 1064, petitioner corporation was required to report its gross income for the year 1919 as a proper basis for the adjustment of its taxes. In compliance with this provision of the statute petitioner included in its gross income for that year all discounts received, which included the earned discounts reported in the 1918 return, upon which petitioner had been taxed.

■ The only question remaining is whether or not petitioner is entitled to a credit on his 1919 return for the earned discounts on which he was taxed in 1918. Double taxation is to be abhorred, and it will be avoided whenever the taxing authorities are vested with jurisdiction to prevent it. Section 213, after enumerating the items making up the taxable income, provides: "The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period." Section 212(b), among other things, provides: "If the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income."

We are of opinion that these provisions of the statute repose in the Commissioner sufficient discretionary power to credit the return of one year, with amounts therein included, which had been returned and taxed in a prior year. This seems to have been in the mind of the department in establishing its regulations governing the procedure to be followed in the assessment and collection of taxes. Article 22 of Regulations 45, among other things, provides: "The time as of which any item of gross income or any deduction is to be accounted for must be determined in the light of the fundamental rule that the computation shall be made in such a manner as clearly reflects the taxpayer's income." Article 23 provides as follows: "Approved standard methods of accounting will ordinarily be regarded as clearly reflecting income. A method of accounting will not, however, be regarded as clearly reflecting income, unless all items of gross income and all deductions are treated with reasonable consistency."

■ No question is here raised challenging the integrity of petitioner's return of all items of gross income for the year 1919, but it is apparent that the deduction in question has not been treated by the Commissioner and the board with reasonable consistency. There is no apparent reason why the deduction claimed should not be allowed, and we have no doubt of the power of the Commissioner, under the statute and the regulations, to make this deduction.

It is urged that petitioner's alleged change to a cash basis in 1919 was not made with the approval of the Commissioner. This contention is hardly consistent with the position assumed by the board that petitioner was on a cash basis in 1918. Indeed, it is rather late to advance this objection, even if it materially affected this case, since the method of return adopted by petitioner was acquiesced in by the Commissioner for about five years before the correctness of the return was questioned, and until the bar of the statute of limitation prevented petitioner from seeking relief in the courts.

It is, therefore, ordered that the decision of the board be reversed, with costs; and that the return of the petitioner for the year 1919 be redetermined, and the assessment revised in accordance with the views set forth in this opinion.