## J. C. NICHOLS LAND CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9465.

Circuit Court of Appeals, Eighth Circuit.

May 11, 1933.

Phil D. Morelock, of Kansas City, Mo. (Perry W. Shrader and Shouse, Doolittle, Morelock & Shrader, all of Kansas City, Mo., on the brief), for petitioner.

Helen R. Carloss, Sp. Asst. to the Atty. Gen. (Sewall Key, Sp. Asst. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and L. W. Creason, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before STONE and KENYON, Circuit Judges, and REEVES, District Judge.

KENYON, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals entered October 9, 1930, sustaining the assessment of an income tax deficiency against petitioner for the year 1922 to the amount of $2,333.45. Petitioner is engaged in the real estate business in Kansas City, Mo. A considerable portion of its income is derived from sales of real estate wherein the initial payment is less than 25 per cent. of the sale price. As permitted by article 45 of Treasury Regulations 45 promulgated under the Revenue Act of 1918, petitioner for the tax year 1920 and subsequent years reported the portion of its income so derived on the "installment basis." The development and oscillations of that basis of reporting income for taxation purposes have been heretofore considered by this court. Willcuts v. Gradwohl (C. C. A.) 58 F.(2d) 587. For each of the tax years 1920, 1921, and 1922 the portion of petitioner's income thus reported on the installment basis was less than 50 per cent. of the total gross income reported.

In computing net income on the installment basis, petitioner used this procedure: It first determined its total gross income for a given year, on the straight accrual basis, including therein all deferred payments on installment sales as well as payments actually received; it next determined the percentage of total gross income so computed that represented total net income; and, finally, assuming that the portion of net income attributable to installment sales was this same percentage of the gross income attributable to installment sales, it deducted from total net income this percentage of all payments on installment sales not actually received during the tax year in question. To the net income of later years, similarly computed, it added this same percentage of all payments received during the particular year on installment sales made during the earlier year.

This method of computing net income on the installment basis was clearly faulty. It allowed the taxable income of a later year to be in part determined by the overhead of an earlier year, which violated the purpose and intent of the taxing statutes that each year stand alone as an independent unit. Petitioner contends that the total tax paid by it over a period of years would have been the same by its method as by the proper method. That may be true, but its real income from year to year was clearly distorted.

Although the Commissioner of Internal Revenue accepted petitioner's returns for the years 1920 and 1921, and the period of limitations has now barred the possibility either of assessing deficiencies or allowing refunds for either of those years, it seems clear that the method used by petitioner of computing net income on the installment basis was no more authorized at the time it made its returns than now. For the language of ar-

ticle 45 of Regulations 45 promulgated under the Revenue Act of 1918 in this respect is in effect substantially the same as the language of article 45 of Regulations 69 promulgated under the Revenue Act of 1926. The earlier provision states that "the vendor may report as his income from such transactions in any year that proportion of each payment actually received in that year which the gross profit to be realized when the property is paid for bears to the gross contract price," whereas the later one states that "the vendor may return as income from such transactions in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the property is paid for bears to the total contract price." The clear intendment of both provisions is that in computing net income on the installment basis all payments on installment sales actually received during a given year, but not deferred payments, shall go into the gross income of that year, with the net income to be determined by the overhead and other deductible items for the same year and not for an earlier year.

In November, 1926, the Commissioner of Internal Revenue reaudited petitioner's return for the year 1922, and corrected it so as to accord with the clear requirement of the Treasury Regulations for computing income on the installment basis. To do this he had to reopen the returns for 1920 and 1921 and determine for each of those years the percentage of installment sales effected that would represent the gross profit thereon after all payments had been received, for the purpose of applying the percentages so found to the payments received in 1922 on installment sales effected during the earlier years. This was permissible, since the returns for 1920 and 1921 were reopened, not for the purpose of redetermining the tax for either of those years, but only for the purpose of redetermining the tax for 1922, which was not yet closed by the period of limitations. But the correct application of the installment basis to the year 1922 meant the inclusion in the gross income for that year of payments on installment sales effected during the earlier years that had already figured, in accordance with petitioner's faulty application of the installment basis, in determining the gross income for those years; although, likewise in accordance with petitioner's method, a part of the net income of the earlier years had been deferred. The result, it is true, is partial double taxation, although not the complete double taxation that may result from a change from the straight accru-

al to the installment basis of reporting income.

■■■ No estoppel arises out of the Commissioner's having accepted petitioner's incorrect returns for 1920 and 1921, Tonningsen et al. v. Commissioner of Internal Revenue (C. C. A. 9) 61 F.(2d) 199, and petitioner's whole reliance must necessarily rest upon section 705(a) (2) of the Revenue Act of 1928 (chapter 852, 45 Stat. 881, 26 USCA § 2705 (a) (2). The whole background of section 705(a) and the interrelation of subsections (1) and (2) thereof have been dealt with at length by this court in Willcuts v. Gradwohl, supra. Since the enactment of section 212 (d) of the Revenue Act of 1926 (44 Stat. 9, 23, 26 USCA § 953(d), the application of the so-called "double tax" rule has been held a necessary consequence of the transition from the straight accrual to the installment basis of reporting income. Willcuts v. Gradwohl, supra; Appeal of Blum's, Incorporated, 7 B. T. A. 737; Warren Reilly v. Commissioner of Internal Revenue, 7 B. T. A. 1327. The only purpose of section 705(a) of the Revenue Act of 1928 was "to compose and set at rest a situation," cf. Willcuts v. Gradwohl, supra (C. C. A.) at page 593 of 58 F. (2d); that is, it provided that the taxes of those taxpayers who by original returns filed prior to the effective date of the 1926 act had changed from the straight accrual to the installment basis should remain settled as they had originally been settled, with respect to the application of the so-called "double tax" and "single tax" rules. If they had originally been settled by the "double tax" rule, no right of refund would for that reason arise (subsection [1]); whereas, if they had originally been settled by the "single tax" rule, no deficiency could for that reason be asserted (subsection [2]). It seems clear that subsection (2) is by its explicit terms inapplicable to the situation now presented. It provides:

"Sec. 705. Installment Sales—Retroactive

"(a) If any taxpayer by an original return made prior to February 26, 1926, changed the method of reporting his net income for the taxable year 1924 or any prior taxable year to the installment basis, then, if his income for such year is properly to be computed on the installment basis— * * *

"(2) No deficiency shall be determined or found in respect of any such taxes unless the taxpayer has underpaid his taxes for such year, computed by excluding, in computing income, amounts received during such year on account of sales or other dispositions of

property made in any year prior to the year in respect of which the change was made."

The Board of Tax Appeals was entirely right in holding that, despite an improper computation, petitioner had nevertheless changed his method of reporting income from the straight accrual to the installment basis as of the tax year 1920; nor did the fact that other items comprising more than 50 per cent of petitioner's gross income for each of the years 1920, 1921, and 1922 were still reported on the straight accrual basis, for the reason that the installment basis was to them inapplicable, in any way prevent the "change" referred to in section 705(a) (2), above, from having occurred as of the tax year 1920. Payments received during 1922 on installment sales effected during 1920 or 1921 were therefore not received "on account of sales or other dispositions of property made in any year prior to the year in respect of which the change was made." The partial double taxation that resulted to petitioner was not the result of a transition from the straight accrual to the installment basis, but was rather the result of a transition from an incorrect method of computing income on the installment basis to a correct method on the same basis, against which section 705(a) (2) was in no way designed to relieve.

As section 705(a) (2) of the Revenue Act of 1928 has no application here, we see nothing whatever standing in the way of the deficiency assessment asserted against petitioner. Its petition is therefore dismissed.