## STERN BROS. v. UNITED STATES.
### No. 42415.

Court of Claims.
Nov. 5, 1934.

William P. Smith, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff's books of account were kept and its income tax returns prepared on the accrual basis of accounting. In its corporation income tax return for the fiscal year ended January 31, 1930, plaintiff took a deduction for rent on business property for only eleven months of the year, omitting the month of February, 1929, which was a part of the fiscal year. The rent for the month of February amounted to $15,460.84. By reason of plaintiff's failure to take a deduction of this amount an overassessment and an overpayment of taxes in the sum of $1,713.57 resulted. The suit is for the recovery of the amount of this overpayment.

Plaintiff relies upon the statutory provision (Revenue Act 1926 § 200 (26 USCA § 931) that "the deductions and credits * * * shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred,' dependent upon the method of accounting upon the basis of which the net income is computed. * * *"

If what has been said in respect to the year 1930 presented a complete picture of the case, plaintiff, under the statute and regulations, is clearly entitled to recover; but such is not the case. For the preceding fiscal year ended January 31, 1929, plaintiff took a deduction for rent on business property for thirteen months, in which was improperly included the month of February, 1929, a month not within the fiscal year. By reason of the erroneous deduction of $15,460.84 rent for February, plaintiff underpaid its taxes for the year 1929 in the sum of $1,842.41. Recognizing that it had underpaid its 1929 taxes by taking an erroneous deduction for rent for the month of February, plaintiff sought to correct the error in its return for the year 1930 by taking a deduction for rent for only eleven months of the year and restoring to surplus account on its books the $15,460.84 erroneously deducted in the preceding year. That it was the plaintiff's intention and desire to correct the errors in respect to deductions in the two returns and have its tax liabilities for the two years adjusted in this manner cannot be doubted. That the Commissioner so understood the matter, and that he acquiesced in the method of adjustment proposed by plaintiff, is also free from doubt. Otherwise it must be assumed he would have made a deficiency assessment for the amount of the underpayment in the year 1929 and refunded the amount of the overpayment for the year 1930, the usual and proper method in such cases. There is only a few dollars difference between the amount of taxes plaintiff would have paid for the two-year period had the returns been corrected to conform to the facts as to allowable deductions for rent and the amount actually paid by it on the erroneous returns, and that difference is to the advantage of the plaintiff. The government has no money belonging to plaintiff. Its 1930 tax liability has been adjusted on the basis of the suggestion set forth in its tax return for that year, a suggestion that is, under all the facts and circumstances of the case, tantamount to request and consent. The correctness of the adjustment was in no way questioned by plaintiff until after the statute of limitations had run against the Commissioner's right to make additional assessments for the year 1929. In these circumstances plaintiff is estopped from now asserting a claim for the overpayment claimed for the year 1930. R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647; Commissioner v. Liberty Bank & Trust Co. (C. C. A.) 59 F.(2d) 320; Askin & Marine Co. v. Commissioner (C. C. A.) 66 F.(2d) 776; Moran v. Commissioner (C. C. A.) 67 F.(2d) 601; Crane v. Commissioner (C. C. A.) 68 F.(2d) 640.

Plaintiff's petition is dismissed.

It is so ordered.