## MT. VERNON TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 203.

Circuit Court of Appeals, Second Circuit.
Argued Feb. 14, 1935.
Decided March 11, 1935.

Satterlee & Canfield, of .New York City (F. Morse Hubbard and Barham R. Gary, both of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen. (Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The question presented by this appeal is whether the Commissioner properly included in the petitioner's gross income for 1929 certain discounts received in that year which had been reported as accrued income for the year 1928 and were used in computing the 1928 tax. From the stipulated facts it appears that in conducting its business as a trust company the petitioner, among other things, discounts commercial paper. Up to and including 1928 the petitioner used a method of accounting which was a combination of the cash receipts and disbursements method and the accrual method; that is, some items of income or expense were recorded when received or disbursed, while others were recorded when earned or incurred irrespective of the date of payment. Discounts were treated as income at the time loans were made, whether payment of such discounts was made then or later. The petitioner's income tax returns for 1928 and prior years were made in accordance with the method of accounting above described,

and were accepted and closed by the Commissioner without objection thereto. The original return for 1929 was made on the same basis as the returns for former years, but subsequently an amended return for 1929 was filed on the cash receipts and disbursements basis. This was done without having obtained the prior consent of the Commissioner, but he audited the return for 1929 on the basis of cash receipts and disbursements. In its amended return the petitioner reported all discounts actually received in 1929, regardless of the time as of which they accrued, and this resulted in including discounts of $146,133.33 which had accrued in 1928 and had been reported in the return for that year. In other words, this sum was included as income in both years and has been twice taxed. This duplication was called to the Commissioner's attention by a claim for refund, but the claim was rejected and a deficiency for 1929 was determined based on other adjustments which are not here involved. The petitioner claims an overpayment of some $16,500. A closing agreement under section 606 (a, b) of the Revenue Act of 1928 (26 USCA § 2606 (a, b) has been entered into, precluding the petitioner from claiming any refund on account of the 1928 tax.

The petitioner contends that this is a case where the change from one proper basis of reporting income to another proper basis has resulted in a duplication of items in successive years, and that the Commissioner has, and should exercise, discretionary power to eliminate such duplication. The respondent, on the other hand, contends that this is merely a case where the taxpayer is seeking to correct an error in the 1928 tax, which arose from the use of an improper and "hybrid" system of accounting, by the exclusion of income from the year 1929, in which year it is properly taxable.

If we were faced with a case in which a taxpayer on an accrual basis for an earlier year was forced to duplicate items of income for the ensuing year when he went upon a cash basis, we should find the petitioner's argument very persuasive. It is unlikely that Congress intended that a change in the taxpayer's method of bookkeeping should result in double taxation, and it may well be that section 42 of the Revenue Act of 1928 (45 Stat. 805, 26 USCA § 2042) and article 322 of Regulations 74 should be construed to give the Commissioner power to eliminate the duplication of items under such circumstances. See National Bank of

South Carolina v. Lucas, 59 App. D. C. 157, 36 F.(2d) 1013. The recent decision of this court in Chemung Canal Trust Co. v. Helvering, Commissioner, 74 F.(2d) 1009, January 7, 1935, in which we affirmed without opinion the decision of the Board of Tax Appeals reported in 30 B. T. A. 230, did not decide this question, for there the taxpayer kept his books on a cash basis in both years. Nor do we find it necessary to decide it now.

■ The petitioner kept its books for the year 1928 on an amorphous basis. Its counsel suggests that the items recorded on the cash basis may have been few, but the record does not bear this out. "Some items of income or expense" were recorded on the cash basis, while "others" were recorded on the accrual basis. For all that appears, the method of accounting may have been a hotchpot of cash and accrual items. Taken literally, section 41 (26 USCA § 2041) seems to recognize any "method of accounting regularly employed in keeping the books" of the taxpayer, provided that it should "clearly reflect the income." See Morris-Poston Coal Co. v. Com'r, 42 F.(2d) 620 (C. C. A. 6). Compare Niles Bement Pond Co. v. United States, 281 U. S. 357, 361, 50 S. Ct. 251, 74 L. Ed. 901. But the regulations (article 322, Reg. 74) contain the following provision:

"Art. 322. *Bases of Computation.*—Approved standard methods of accounting will ordinarily be regarded as clearly reflecting income. A method of accounting will not, however, be regarded as clearly reflecting income unless all items of gross income and all deductions are treated with reasonable consistency."

This is a proper and valid regulation. When section 41 speaks of "the method of accounting," it cannot mean to include a merely haphazard division between cash and accrual bases. Compare United States v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799; United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; Aluminum Castings Co. v. Routzahn, 282 U. S. 92, 51 S. Ct. 11, 75 L. Ed. 234. A different situation might be presented if the record showed that the books of the petitioner were kept on an accrual basis with some exceptions of small items which were entered only when paid and received. See article 342, Reg. 74, which recognizes that "particularly in a going business of any magnitude there are certain overlapping items both of income and deduction, and so long as these overlapping

items do not materially distort the income they may be included in the year in which the taxpayer, pursuant to a consistent policy, takes them into his accounts." The present record does not disclose that there was any "reasonable consistency" in the treatment of items of gross income, "some" on the cash basis and "others" on the accrual basis. Therefore the petitioner has not shown that the discounts were properly included in its 1928 return and that its method of accounting clearly reflected its income for that year. Consequently, under section 42 (26 USCA § 2042) and article 331 of Regulations 74, the discounts received in 1929 were properly included "in the gross income for the taxable year in which received by the taxpayer," and the case becomes like Chemung Canal Trust Co. v. Com'r, supra, and a mistake in the 1928 return cannot be offset by excluding from 1929 income properly returnable in that year. National Bank of South Carolina v. Lucas, 59 App. D. C. 157, 36 F.(2d) 1013, upon which the petitioner strongly relies, was treated by the court as a case in which the taxpayer's books were properly kept upon an accrual basis "in so far as matters here are concerned." From the facts appearing in the Board's opinion (10 B. T. A. 642), it would seem that the only items treated on the accrual basis were items of discount. We should find difficulty in agreeing with the conclusion that those were properly returned in the earlier year (see Chemung Canal Trust Co. v. Com'r, supra), but in any event the case is not precisely in point, since in the appeal at bar the record fails to disclose that only discounts were accrued; as already stated, the petitioner's method may have been a complete hotchpot of the cash and accrual bases.

■ It is urged that the Commissioner's acceptance of the returns for 1928 and prior years is a recognition that the method used in those years was proper, but no estoppel can arise against the Commissioner from his acceptance of the return. In Niles Bement Pond Co. v. United States, 281 U. S. 357, 362, 50 S. Ct. 251, 74 L. Ed. 901, a similar argument was rejected, with the suggestion that the failure of the Commissioner to correct the return may as well be attributable to error or oversight or lack of information as to his opinion of the propriety of the item. See, also, J. C. Nichols Land Co. v. Com'r, 65 F.(2d) 437, 438 (C. C. A. 8); Tonningsen v. Com'r, 61 F.(2d) 199, 200 (C. C. A.

9); Bonwit Teller & Co. v. Com'r, 53 F.(2d) 381, 384, 82 A. L. R. 325 (C. C. A. 2).

The order is affirmed.