**NEWAYGO PORTLAND CEMENT CO. v. HELVERING, Com'r of Internal Revenue.**

**No. 6182.**

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1935.

Decided April 15, 1935.

J. S. Seidman, of New York City, for petitioner.

Frank J. Wideman, Sewall Key, J. G. Remey, and Shelby S. Faulkner, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case comes to this court by stipulation pursuant to section 1002 (d) of the Revenue Act of 1926 (26 USCA § 1225 (d), upon a petition to review an order of the United States Board of Tax Appeals finding a deficiency of $8,370 in the petitioner's income tax for the year 1923.

The petitioner is a Michigan corporation, and on June 2, 1923, agreed to finance certain construction operations of another corporation, whose bonds it bought and immediately received in the amount of $1,-500,000 for $1,320,000, to be paid as the work progressed, upon certificates of construction by the engineer.

The bonds bore interest at 7 per centum, and it was agreed that the petitioner should pay interest on the unpaid purchase money at the same rate.

The arrangement apparently contemplated that as each sum called for was paid over, interest thereon from June 2, 1923, should be credited to the building company on the petitioner's books, and upon full payment of the purchase price the total interest so credited should be paid.

During 1923 petitioner paid $302,330 of the purchase price, and accordingly accrued on its books $10,206 interest, which was deducted in its tax return for 1923, pursuant to sections 200 (4), 214 (a) (2), Revenue Act of 1921, c. 136, 42 Stat. 227, 228, 239.

The petitioner did not deduct $41,230 for interest from June 2 to December 31, 1923, on the $1,017,650 of purchase price of the bonds remaining due at the latter date; but in 1924, having paid in full for the bonds, it deducted the aforesaid $41,-230, plus $17,966 as interest accrued for 1924, or $59,197 from gross income for that year.

While the record shows a final deficiency found of $8,370, reached through calculations involving many items, we are not concerned with the arithmetic but with the question as to whether the petitioner is here entitled to the deduction of $41,230 claimed in computing its tax for 1923.

It is conceded that the petitioner kept its books and filed its return upon the accrual basis, and both sides rely on United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 134, 70 L. Ed. 347, and American National Company v. United States, 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946, as supporting their contentions.

This court considered those cases, and others in other courts, in Naitove & Co. v. Commissioner, 59 App. D. C. 53, 32 F.(2d) 949; but certain contingencies were involved in that case which were not in the

Supreme Court cases, and are not in this case.

In United States v. Anderson the court said: "The appellee's true income for the year 1916 could not have been determined without deducting from its gross income for the year the total cost and expenses attributable to the production of that income during the year."

To the same effect are Fawcus Machine Company v. United States, 282 U. S. 375, 51 S. Ct. 144, 75 L. Ed. 397; Continental Tie Company v. United States, 286 U. S. 290, 52 S. Ct. 529, 76 L. Ed. 1111.

Here the interest on the bonds was returnable as income, and to the production of that income interest on the deferred payments was an attributable expense, while the petitioner knew on December 31, 1923, and thereafter until its return was filed, the exact additional amount so deductible for 1923, and we perceive no substantial difference between this case and Miller & Vidor Lumber Company v. Commissioner (C. C. A.) 39 F.(2d) 890, 891, where the Commissioner, the Board, and the court successively held that the taxpayer could not do what here the Commissioner and the Board held was properly done, relying on the authority of the Anderson and American National Company Cases.

All of which brings us to the question as to whether the petitioner, having been allowed the deduction for 1924, can now in effect receive it also for 1923, through the calculations involved in the present case. In this aspect of the matter the Commissioner contends that when the taxpayer sought and was allowed the deduction for 1924 he thereby made an election, which binds him here; or, if not, having received the allowance so sought for 1924, he is now estopped to claim it again for 1923.

But in the Anderson Case the taxpayer took a deduction in 1917 which the Commissioner contended was only available in 1916. The result was a deficiency for 1917 which was paid under protest and sued for n the Court of Claims, and that court, hav-.ng decided in favor of the taxpayer (60 Ct. Cl. 106, 440), was reversed by the Supreme Court without discussing whether the taxpayer thereby lost the deduction for both years, from which we can only conclude that the court did not concern itself with consequences, as the Chief Justice recently remarked in the Gold Clause Cases

(Norman v. Baltimore & O. R. Co., 55 S. Ct. 407, 79 L. Ed. ——, 95 A. L. R. 1352, Nortz v. U. S., 55 S. Ct. 428, 79 L. Ed. ——, 95 A. L. R. 1346, Perry v. U. S., 55 S. Ct. 432, 79 L. Ed. ——, 95 A. L. R. 1335).

In the American National litigation the taxpayer claimed a deduction for 1917, which the Commissioner held to be only partially available for that year, whereupon the taxpayer paid the difference under protest and sought recovery in the District Court. That court decided against the taxpayer, and if the Supreme Court had not decided that the deduction belonged to 1917 the taxpayer would have lost the partial deductions claimed for the other years involved.

In Miller & Vidor Lumber Co. v. Commissioner, supra, the court said: "Section 234 (a) (2) of the Revenue Act of 1918 (40 Stat. 1077), the applicable statute, provides for the deduction of interest on the taxpayers' indebtedness with certain exceptions, not pertinent. Article III of Treasury Regulation 45 provides that each year's return both as to gross income and deductions shall be complete in itself; that expenses, liabilities, or deficit of one year cannot be used to reduce income of a subsequent year; that a taxpayer making a return on an accrual basis has the right to deduct all authorized allowances, whether paid in cash or set up as a liability, and that if he does not within any year pay or accrue any of his expenses, interest, taxes, or other charges, and makes no deduction therefor, he cannot deduct from the income of the next or any subsequent year any amounts then paid in liquidation of the previous year's liabilities. The regulation has been carried forward under subsequent revenue acts, and the Treasury Decision, No. 2433, analogous to it, has been approved by the Supreme Court in the case of United States v. Anderson."

Nothwithstanding that these cases, if considered alone, give strength to the petitioner's position here, we are of opinion that the result reached by the Board of Tax Appeals is correct. On January 20, 1928, the Commissioner mailed a deficiency notice to the petitioner, advising it of a deficiency for the year 1923. This deficiency had no relation to the transaction between petitioner and the Manitowoc Company in relation to the bond purchase, but was concerned solely with profits from the sale by petitioner in 1923 of certain improved

property. Within the statutory period petitioner applied to the Board for a redetermination of the assessment.

The issue raised on this appeal was confined entirely to the real-estate transaction of which we have spoken. The matter thus remained unheard by the Board of Tax Appeals until June 26, 1930, more than two years, and after the limitations period had expired, and then for the first time petitioner amended the grounds of its petition by adding the claim for interest deduction growing out of the bond purchase transaction between itself and Manitowoc Company. In other words, it claimed the right to an allowance of this deduction against the delinquent tax asserted for 1923, while, at the same time, retained the benefits accruing to it from having had the same item allowed in 1924. The effect of this, if granted, would be to establish an overpayment in that year sufficient to defeat the assessment of additional taxes for the same year growing out of another transaction. This, we think, cannot be done. To justify relieving the petitioner from a tax admittedly due, it must bring itself within the positive terms of the law. But here we have a case in which petitioner's liability for the payment of additional taxes for 1923 is fixed and determined, yet which it seeks to evade on the ground that it was entitled to a credit for that year which it failed to take then, while actually taking it in another year. This case is not dissimilar to that of Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 146, 76 L. Ed. 293, where the taxpayer deducted sums on account of attorney's fees and state inheritance taxes. The Commissioner audited the return; allowed the deduction for fees, but disallowed it for inheritance taxes; and assessed a deficiency. The taxpayer paid the deficiency and sued to recover. On the trial the Commissioner defended on the ground that he had mistakenly permitted a deduction in the fee item, but that otherwise the taxpayer's liability was greater than the total sums paid. He could not reassess the tax because the period of limitations had run, but insisted that a recovery was not permissible as the taxpayer had not in fact overpaid his tax, concerning which the Supreme Court said: "An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional

sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded."

The petitioner in this case in effect is asking a refund. Its claim is that it overpaid its tax liability in 1923, and is now asking that its payment for that year be credited with such overpayment, to the end that it may be set off against a claim for additional taxes subsequently ascertained to be due. Before it can take this position, it must surrender the benefits which came to it by its own mistake. To retain them for 1924 and at the same time apply them to 1923 would be "to exalt artifice above reality." Gregory v. Helvering, 293 U. S. 465, 55 S. Ct. 266, 268, 79 L. Ed. ——, January 7, 1935; Helvering v. General Utilities Co. (C. C. A. 4) 74 F.(2d) 972, January 8, 1935.

The decision of the Board of Tax Appeals is affirmed.