**HARR, Pa. Secretary of Banking, v. UNITED STATES.**

No. 18422.

District Court, E. D. Pennsylvania.
Aug. 18, 1937.

Chapman & Chapman, of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Charles D. McAvoy; U. S. Atty., both of Philadelphia, Pa.

MARIS, District Judge.

This is a suit by the Secretary of Banking of the Commonwealth of Pennsylvania, as receiver of the Northwestern Trust Company, against the United States for the refund of income tax alleged to have been erroneously paid to the United States for the years 1928 and 1929.

The Northwestern Trust Company, hereinafter referred to as the Trust Company, which had been engaged in the business of banking and in the performance of trust functions in Philadelphia prior to July 17, 1931, on that date ceased business and was taken possession of by the Secretary of Banking of the Commonwealth of Pennsylvania, who proceeded to liquidate its assets. The present plaintiff became Secretary of Banking on January 15, 1935, at which time he took over the assets of the Trust Company and became its receiver.

In 1928 and prior years the Trust Company kept its books of account and made its income tax returns on a cash receipts and disbursements basis except as to the item of interest, which it reported, in its income tax returns on the accrual basis. The interest items for prior years had been set up in a reserve account which at the beginning of 1928 exceeded the amount actually paid out by the Trust Company by the sum of $254,584.31. This amount had, however, been claimed by the Trust Company as an income tax deduction in years prior to 1928 and allowed as such by the Commissioner of Internal Revenue. For 1928 it deducted from its income tax return interest added to the reserve account in the amount of $376,650.68, although it actually paid out as interest only $211,037.91. It is this last amount which the petitioner now contends is deductible for 1928 and which the Government denies is deductible for that year.

The Trust Company filed its income tax return for the year 1928 with the collector of internal revenue at Philadelphia and paid the collector the tax disclosed thereby amounting to $20,109.52. On February 13, 1931 the Commissioner of Internal Revenue assessed against the Trust Company additional income tax for the year 1928 in the amount of $18,524.94, plus interest of $2,003.60 totaling $20,528.54. This amount was paid March 21, 1931, by check to the collector of internal revenue in the amount of $10,562.72 and the balance of $9,965.82 by the application of a refund due for the year 1929 to that amount. Thereafter petitioner filed his claim for the refund of additional income taxes paid for the year 1928, which claim was rejected by the Commissioner. The claim did not set forth as one of the reasons for refund that the said interest item of $211,037.91 had been erroneously dissallowed. As a matter of fact the Commissioner did not disallow this interest deduction until after the claim for refund was filed, and at the time it was filed the item had been tentatively allowed by him.

The Trust Company in its income tax return for 1929 failed to deduct from its gross income the sum of $130,919.25 fraudulently loaned by its officers to the Coraza Cigar Company. On August 30, 1932, petitioner filed a claim for refund for the entire amount of taxes paid by the Trust Company for 1929, basing said claim on the contention that said item of $130,919.25

should be deducted in computing net income for that year. The Commissioner of Internal Revenue refused and disallowed said claim for refund on the ground that it was barred by the statute of limitations as not having been filed within two years from the time of the payment of that portion of the 1929 tax which had not previously been refunded by way of credit on the additional tax for 1928 as above set forth. The Trust Company's income tax for 1929 was paid in four installments as follows:

| | |
|---|---|
| March 15, 1930 | $ 4,248.58 |
| June 14, 1930 | 4,248.58 |
| September 15, 1930 | 4,248.57 |
| December 16, 1930 | 4,248.57 |
| Total | $16,994.30 |

The refund of income tax for 1929 above referred to, amounting to $9,965.82, was made before the filing of the claim for refund of 1929 taxes above mentioned and was treated by the Commissioner as the refund of the installment paid December 16, 1930, amounting to $4,248.57, the installment paid September 15, 1930, amounting to $4,248.57, and a portion of the installment paid June 14, 1930, amounting to $1,468.68.

### Refund of 1928 Tax.

Petitioner complains of the dissallowance by the Government of interest actually paid out by the Trust Company in the year 1928 amounting to $211,037.91, and seeks to recover the amount of tax paid by reason of the disallowance of this item. The defenses are two. The first is that the court has no jurisdiction to entertain a suit to recover this item because the claim for refund on which the suit is predicated did not set forth the disallowance of this item as a ground for refund. It may be admitted that the regulations promulgated by the Secretary of the Treasury under the Revenue Act require that all facts relied upon in support of a claim for refund must be set forth in the claim. In the present case, however, it appears that the interest item in question had been deducted by the Trust Company in its return and that at the time the claim for refund was filed this deduction had been tentatively allowed by the Commissioner, its disallowance not having taken place until afterward. As a matter of fact the claim was filed on the basis of other items which upon consideration of the claim the Commissioner allowed, at the same time disallowing the item of interest.

This, however, more than offset the items allowed, with the result that the tax was actually increased. It would, therefore, seem very doubtful whether the rule relied on by the Government is applicable here. In the view I take of the case, however, it becomes unnecessary to decide this point and I will, therefore, pass to a consideration of the second defense, which goes to the merits of the claim.

When the merits are considered, this situation is disclosed: Prior to 1928 the Trust Company, although keeping all of its other accounts on a cash basis, set up its interest liability on an accrual basis. Up to the end of 1927 it had set up in its interest account an amount $254,584.31 in excess of the amount actually paid out, and this excess amount had been taken as a deduction in its income tax returns for prior years and allowed. It thus appears that prior to January 1, 1928, the Trust Company had actually received credit in its income tax returns for $254,584.31 more interest than it had actually paid out. It was in the light of this situation that the Commissioner refused to permit the deduction in 1928 of $211,037.91 for interest actually paid out in that year. I quote from his certificate of overassessment No. 2,202,921, as follows: "Your contention that a deduction of $211,037.91 should be allowed for interest charged to reserve for interest during the taxable year cannot be conceded. It is disclosed that while your books of account are kept on the cash receipts and disbursements basis, deductions in prior years were claimed in the amount of additions made to a reserve and since these additions were in excess of the interest actually paid in those years, there remained in the reserve an amount in excess of the interest charged against the reserve during the taxable year, accordingly no deduction has been allowed in the determination of your taxable net income."

It will thus be seen that what the petitioner is contending for is in reality the allowance of the same item of deduction in two successive years. It may well be that the allowance of the accrued interest item in prior years was erroneous. Certainly there is no basis in the statute for permitting a taxpayer to make his return partly on a cash and partly on an accrual basis. This, however, is far from saying that the Trust Company for that reason was entitled to the deduction twice. This suit is essentially one for money had and received. It

is to be governed by equitable principles and is subject to any defense which shows that in equity and good conscience the petitioner should not recover. United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859.

It has been held that upon a change in accounting basis a taxpayer cannot be compelled to pay tax twice on the same income, in the first year because it accrued and in the next because it had actually been received. National Bank of South Carolina v. Lucas, 59 App.D.C. 157, 36 F.(2d) 1013. The same rule has been applied to deductions. Stern Bros. v. United States (Ct.Cl.) 8 F.Supp. 705. In the case just cited the Court of Claims held that where a deduction properly applicable to the fiscal year 1930 had been erroneously claimed and allowed for the fiscal year 1929, it could not be allowed for the fiscal year to which it properly applied after the statute of limitations had run on additional assessments for the prior year. This principle also finds support in Nawaygo Portland Cement Co. v. Helvering, 64 App.D.C. 278, 77 F.(2d) 536, and I think it rules the present question. I accordingly hold that in view of its use of this interest deduction in prior years the Trust Company was not entitled in equity and good conscience to use it again in 1928. Petitioner's claim for that year must, therefore, be rejected.

### Refund of 1929 Tax.

The sole question arising upon petitioner's claim for the refund of 1929 tax is whether it is barred by the statute of limitations. This in turn depends upon whether the refund of a part of the 1929 tax made by the Commissioner on March 21, 1931, was properly applied by him to the refund of all of the last two installments of 1929 taxes paid on September 15, 1930, and December 16, 1930, respectively, and the refund of part of the installment paid on June 14, 1930. If it was, then the petitioner's claim for refund filed August 30, 1932, was filed too late, since the installments of March and June, 1930, were paid more than two years prior thereto. This question has been squarely ruled in principle by the Supreme Court in Blair v. U. S. ex rel. Birkenstock, 271 U.S. 348, 46 S.Ct. 506, 70 L.Ed. 983, in favor of the Government's contention. While that case arose under the Revenue Act of 1918 (40 Stat. 1057), substantially similar provisions are contained in the Revenue Act of 1928, which is here involved (sections 321, 322, Revenue Act 1928, 26 U.

S.C.A. §§ 321, 322 and notes). The court there squarely held that when the tax is paid in installments as permitted by the act, the earliest installments are to be considered as in full payment of whatever tax is ultimately found to be due, and any refund which is afterwards ascertained to be due the taxpayer is to be made from the last installment or installments paid. That decision makes further discussion of this question unnecessary and compels rejection of petitioner's claim for the year 1929.

### Conclusions of Law.

The Northwestern Trust Company was not entitled to the deduction in computing its income tax for the year 1928 of $211,037.91 as interest paid, for the reason that this same amount had been taken as a deduction by it in a preceding year.

Petitioner's claim for refund of 1929 income tax filed August 30, 1932, was barred by the statute of limitations, and he is not entitled to recover the refund thereby claimed.

Petitioner is not entitled to recover from the United States in this action.

I accordingly find in favor of the respondent and against the petitioner.