PARKS–CHAMBERS, Inc., v. COMMIS-SIONER OF INTERNAL REVENUE.

No. 10271.

Circuit Court of Appeals, Fifth Circuit.

Oct. 27, 1942.

Joseph B. Brennan, of Atlanta, Ga., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

What is for decision here is whether the Board erred in holding: (1) That for 1936, the tax year in question, petitioner could not, as it had been doing since its organiza-

tion, use a fiscal year based on a day in January other than the last, but must use a calendar year; and (2) that therefore it was not entitled to a dividends paid credit of the whole or an allocated part, 340/365ths, of a dividend of $30,000, it had declared and paid on January 25, 1937.

The facts as stipulated are fully set out in the findings and opinion of the Board,[1] and we need not repeat them in detail here. It is sufficient to say that they show: (1) That petitioner's supposed fiscal year in question began and ended, as it had done for all previous years since its incorporation, on a day in January other than the last; (2) that the dividend for which the credit is claimed was declared and paid, not in the calendar year 1936, but on January 25, 1937, within petitioner's supposed fiscal year; (3) that for eight years after its incorporation respondent, through its agents, had examined petitioner's returns and was fully acquainted with its accounting method, and without objection or protest he had accepted them as on a fiscal year basis though it plainly appeared that each was for an accounting period ending on a day in January other than the last; and (4) that the dividend in question was declared and paid with the intention and in the belief that it would entitle petitioner to a dividends paid credit for the period beginning January 25, 1936, and ending January 26, 1937.

Here petitioner rather feebly insists that its use for ten years, and respondent's acquiescence in its use for eight years, of the accounting periods used by it as fiscal year periods made the period in question an acceptable though an irregular fiscal period within the Revenue Acts of 1934 and 1936.[2] Its real, its earnest contention is that, fiscal period or not, its long use and acceptance, without objection or protest by the Commissioner, as a fiscal year period, of the accounting period actually used, raises a kind of estoppel against the respondent or a kind of equity for petitioner which requires the allowance, as a dividends paid credit, of the whole or at least of an allocable part of the dividend paid.

We cannot agree with either of petitioner's contentions. The clear and precise language of the statute, Note 2, supra, and its uniform construction by the courts cf. Swift & Company v. United States, 38 F.2d 365, 68 Ct.Cl. 97, 69 Ct.Cl. 171, and Dulin v. Commissioner, 6 Cir., 70 F.2d 828, settles the first contention against it. The equally precise language of the statute allowing dividends paid credits,[3] and its equally uniform construction, as clearly settles against petitioner the second contention it makes, for, aside from the fact that estoppel was not pleaded before the Board, there is no basis here for the claim. The Commissioner did nothing to prevent petitioner from earlier declaring the dividend. As to petitioner's supposed equities, tax consequences are statutory, not matters of equitable cognizance.

Where the taxpayer's acts are unequivocal, as here, and their tax consequences clear, questions, of the intent with which he did the act, or the supposed equitable or inequitable result of this or that view are wholly immaterial. What the taxpayer did, and not what he intended to do, is the controlling inquiry. The Board was right; its decision is affirmed.

---

[1] 46 B.T.A. 144.

[2] "§ 41. * * * If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 * * * the net income shall be computed on the basis of the calendar year."

"§ 48. Definitions * * *

"b. Fiscal Year. 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December." 26 U.S.C.A. Int. Rev.Code §§ 41, 48(b).

[3] Revenue Act 1936, § 27(a), 26 U.S. C.A. Int.Rev.Acts, page 837.

"(a) * * * For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year."