CLARA A. McKEE, ADMINISTRATRIX, ESTATE OF CHARLES H. McKEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12581. Promulgated May 15, 1928.

*Joseph A. Beck, Esq.*, for the petitioner.
*Joseph L. Deveney, Esq.*, for the respondent.

1382

SMITH: The petitioner made income-tax returns for the estate of which she is administratrix upon the basis of the calendar year. The first return filed was of the income of the estate from the date of the death of the decedent to December 31, 1921, and the second return from January 1, 1922, to July 3, 1922. In the return filed for the calendar year 1921, the respondent has permitted the deduction of all taxes paid in the calendar year 1921. He has not determined any deficiency in income tax for such portion of the period of administration as fell within the calendar year 1922. The returns were made upon the basis of cash receipts and disbursements. Since there is no claim that inheritance taxes paid by the States of Arkansas, Minnesota, South Dakota, New Jersey and Ohio were paid during the calendar year 1921, and since no deficiency in tax has been determined for 1922, it becomes unnecessary to consider whether such taxes paid in 1922 are deductible from gross income of that year.

The petitioner contends that inasmuch as the total taxes paid during the period of administration and admittedly deductible from gross income were in excess of the gross income of the estate during such period, the petitioner should be permitted to file an amended return upon the basis of a fiscal year beginning April 17, 1921, and ending April 17, 1922, the latter date being that on which she filed a complete and final account of the estate in the Orphans Court of Allegheny County, Pennsylvania.

The statute provides for the making of returns and the computing of net income of estates in section 219 of the Revenue Act of 1921, which reads in part as follows:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

\* \* \* \* \* \* \*

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust

shall be computed in the same manner and on the same basis as provided in section 212, except  *  *  *

Section 212 provides as follows:

(a) That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

(c) If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226.

Section 200(1) provides that:

The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December.  *  *  *

The claim of the petitioner that she should be permitted to file a fiscal year return ending on April 17, 1922, is in any event untenable. The taxing statute specifically requires that net income shall be computed upon the basis of a twelve-month period "ending on the last day of any month other than December" or on the basis of the calendar year. A twelve month period ending April 17th is not a "fiscal year" as defined in the statute and is not an accounting period which the respondent has authority under the statute to accept as a basis for an income-tax return.

The statute requires that a return be made upon the basis of "the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income.  *  *  *"

It is the contention of the petitioner that the annual accounting periods used by her in making returns for the estate of the decedent

do not clearly reflect the income of the estate. It is apparent, however, that the last part of the sentence above quoted does not refer to the taxpayer's annual accounting period but only to the " method of accounting " used by the petitioner. The petitioner made a return for the estate for the calendar year 1921. The record does not show that the books of account of the estate were kept upon the basis of any other accounting period. The return is indicative of the accounting period used. The situation here is parallel to that before the court in *United States* v. *Mitchell*, 271 U. S. 9, in which the court stated:

* * * The return shows that it was made on the basis of income actually received in 1919. This indicates that the accounts were kept on the basis of actual receipts and disbursements, and there is nothing in the record to show that any other method was employed. * * *

The only object which the petitioner seeks in having returns made upon a basis other than a calendar year is that the estate may have the benefit of deducting from the gross income of the period of administration the full amount of the taxes payable by the estate. There is no warrant in the statute for this.

Reviewed by the Board.

*Judgment will be entered for the respondent.*