478

## J. W. VAUGHAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21782.   Promulgated April 3, 1930.

*F. O. Graves, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

TRUSSELL: The agreed facts in this proceeding show that the firm of J. W. Vaughan & Co. was in existence prior to the calendar year 1919 and that it had always reported its income as for a calendar year, but in no instance did the income returned represent that earned for a period ending with the last day of the calendar year. It is not shown on what date it first closed its books after beginning business, but on January 31, 1919, it closed its books and computed its income to that date from some prior date not disclosed and returned it as income for the calendar year 1918. Whether the income so returned was for a period of 12 months or whether for a shorter or longer period is not shown. On January 15, 1920, it again closed its books and reported the income for the prior 11½ months as income for the calendar year 1919.

In determining the deficiency here involved, respondent included in petitioner's income for the calendar year 1920 his proportionate share of the income of the partnership determined for the period January 31, 1919, to January 15, 1920, upon the ground that the partnership had a regularly adopted fiscal year basis of accounting and that his proportionate share of the income for the period in question, which petitioner had included in his return for the calendar year 1919, was in fact income for 1920.

Upon the facts disclosed by the record we can not see that this partnership had, as contended by respondent, a regularly adopted basis for computing income on a fiscal year ending January 31. It appears to have considered itself as on a calendar year basis and to have proceeded each year shortly after the close of the calendar year, but as of no set date, to determine its income, and in each instance to have merely closed its books and computed income up to the date at which it happened to undertake the task of computation.

These facts fail to show a fiscal year regularly adopted by the partnership for its accounting. The more reasonable conclusion is that it had either adopted a calendar year and through oversight computed its income erroneously or else it had no regularly adopted period of accounting. In either event, its income should properly

be computed on the basis of a calendar year under section 212 (b) of the Revenue Act of 1918, the pertinent portion of which provides:

\* \* \* If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

We accordingly hold that the income of the partnership should be recomputed on the basis of a calendar year, the parties hereto agreeing that such recomputation is possible, and that the income of the petitioner for the calendar year 1920, should be redetermined by the inclusion of his proportionate share of the partnership earnings as so recomputed for that year.

*Judgment will be entered pursuant to Rule 50.*