THE ATLANTIC LAND COMPANY,[1] PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100410. Promulgated December 11, 1940.

J. *Garfield Houston, Esq.*, for the petitioner.
J. *Harrison Miller, Esq.*, for the respondent.

### OPINION.

DISNEY: This proceeding involves income tax for the calendar year 1936 in the amount of $3,129.65, in which amount deficiency was determined by the Commissioner. All facts were stipulated and we find the facts as so stipulated. They may, so far as necessary to the examination of the question involved, be summarized as follows:

The petitioner is a corporation organized under the law of Pennsylvania, has its principal office in Pennsylvania, and filed its income

---

[1] Originally entered as a memorandum opinion of the same date.

tax return for 1936 with the collector of the twenty-third district of Pennsylvania.

The deficiency of $3,129.65 resulted from the Commissioner's determination that a dividend of $18,350, declared by petitioner's board of directors on December 30, 1936, payable on that day and credited on petitioner's books, without restrictions as to withdrawals, on December 31, 1936, in the proper amounts to each of petitioner's stockholders as an account payable was not "paid" during 1936 within the meaning of section 27 (a) of the Revenue Act of 1936.[2]

The dividend was declared to stockholders of record December 20, 1936, and charged to earned surplus. The purpose in declaring the dividend was to establish credit for undistributed profits taxes. Petitioner throughout 1936 had an earned surplus accumulated after February 28, 1913, in excess of the dividend declared. Petitioner had five directors, all of whom were present at the meeting on December 30, 1936, and three of whom were also stockholders of petitioner entitled to share in the dividend. Only two other stockholders were entitled to share therein. On December 30 and 31, 1936, petitioner had $7,709.23 cash on hand available for payment of dividends, and unencumbered investments available for payment of dividends, consisting of stocks and bonds, in the amount of $185,298.76, cost as entered on petitioner's books, but of a market value of $291,155.12.

At the directors' meeting on December 30, 1936, petitioner's president informed the three stockholders present that the dividend was available to any stockholder who desired to receive it forthwith, and that the amounts respectively payable would be credited to each on the company's books without restrictions as to withdrawals; also that this constituted payment of the dividend for income tax purposes, requiring them to report the dividend in their income tax returns for the year 1936. All did so, and paid income taxes accordingly. One of the stockholders present at the meeting held a power of attorney for the other two stockholders who were not present, authorizing her to act for them in matters relating to their stock in petitioner, and for some years she had acted as their representative at meetings of stockholders and directors of the petitioner and in other business matters in which they were concerned. During December 1936 the bank account of the petitioner was subject to withdrawal by checks signed by any two of its officers.

The accounts payable representing the dividends credited to the stockholders on petitioner's books on December 31, 1936, were actually

---

[2] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

paid to them in cash on January 29, 1937, February 5, 1937, and March 11, 1937.

Was this dividend "paid" within 1936, within the meaning of section 27 (a) of the Revenue Act of 1936? The Treasury regulation with reference to that section, Regulations 94, article 27 (b), reads in part as follows:

(b) *When dividends are considered paid.*—A dividend will be considered as paid when it is received by the shareholder. A dividends paid credit can not be allowed unless the shareholder receives the dividend during the taxable year for which the credit is claimed.

\* \* \* \* \* \* \*

If a corporation, instead of paying the dividend directly to the shareholder, credits the account of the shareholder on the books of the corporation with the amount of the dividend, the credit for a dividend paid will not be allowed unless it be shown to the satisfaction of the Commissioner that such crediting constituted payment of the dividend to the shareholder within the taxable year.

We think this case is governed by *Valley Tractor & Equipment Co.*, 42 B. T. A. 311. The only difference between the situation in the two cases is the fact that no checks were issued in the instant proceeding. The credits were, however, without restriction as to withdrawal, so that no check by the corporation was necessary, the only thing necessary being withdrawal by the stockholders. That there was not sufficient cash to pay all dividends is immaterial under *Saenger, Inc.* v. *Commissioner*, 84 Fed. (2d) 23; certiorari denied, 299 U. S. 578, and *Baker* v. *United States*, 17 Fed. Supp. 976, as we said in the *Valley Tractor & Equipment Co.* case, *supra.* The stockholders had due notice. They reported the amounts credited to them in their income tax returns for 1936 and paid the tax thereon. The object of the statute has been satisfied. We hold that the dividends were paid within the purview of section 27 (a) of the Revenue Act of 1936.

*Decision will be entered for the petitioner.*