VALLEY LUMBER COMPANY OF LODI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100421. Promulgated January 23, 1941.

*Frank C. Scott, C. P. A.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency for 1936 of $967.36 in income tax and $28.36 in excess profits tax. He disallowed a dividends paid credit of so much of the amounts of dividends declared and credited to shareholders' accounts as was not withdrawn by them. The facts are found as stipulated.

The petitioner was a close corporation, with eight shareholders. Its accounts and return were on an accrual basis. In 1936 it declared two dividends, one on September 5 and the other on December 24, both payable at once. All the shareholders had accounts on the corporation's books and none was indebted to the corporation. The amounts of the dividends were immediately credited to the shareholders' accounts. The amount of the first dividend was almost entirely withdrawn by the shareholders, and the Commissioner has allowed the credit of the amount withdrawn. The second dividend remained undrawn in the several accounts for the remainder of the year, and the Commissioner has disallowed all of it as a credit. Six of the shareholders included the entire amount of both dividends in their 1936 income; one included the September dividend and not the December dividend, and one filed no return.

The dividends paid credit is that provided by the Revenue Act of 1936, section 27, prescribed by section 14 (a) (2) as a factor in the computation of "undistributed net income", which is the subject of the "surtax on undistributed profits" imposed by section 14 (b). The credit is for "dividends paid" and it is so purely a term in the scheme of the undistributed profits surtax that it may not be lifted from its context in a search for a general meaning. It is not a factor of general income and does not determine the ordinary income tax, so there is no use importing supposed analogies to items like interest and salaries, cf. *Schoenheit* v. *Lucas*, 44 Fed. (2d) 476, involving questions as to deduction by the payer and inclusion in income by the recipient, cf. *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S. 269, *Hart* v. *Commissioner*, 54 Fed. (2d) 848. As to such items it has been said that the taxing statute is asymmetrical, *Cox Motor Sales Co.*, 42 B. T. A. 192. If there is a reciprocal treatment of an amount for income tax purposes, so that what one is held to receive another is held to pay and vice versa, it is not because of a commanding rule, but because this is a form of logic which is often engaging but never compelling. The important concern, irrespective of logic or symmetry, is to promote the manifest purpose of the statute.

The purpose of the undistributed profits tax, like that of the prior personal holding company tax, is set forth in *Foley Securities Corporation* v. *Commissioner*, 106 Fed. (2d) 731, and *Sanford Corporation* v. *Commissioner*, 106 Fed. (2d) 882; certiorari denied, 309 U. S. 659. See also *Credit Alliance Corporation*, 42 B. T. A. 1020; *Centennial Oil Co.* v. *Thomas*, 109 Fed. (2d) 359; certiorari denied, 309 U. S. 690. It is to promote equalization of taxation and prevent a failure of tax upon shareholders by the method of withholding distributions of earn-

ings.[1]  H. Rept. No. 2475, 74th Cong., 2d sess.; S. Rept. No. 2156. A reciprocal recognition of a distribution is therefore important, for, if as to the shareholder there is a clear recognition that a dividend has been received within his taxable income so that there is no failure of tax (cf. *Brooks* v. *Commissioner,* 35 Fed. (2d) 178), the purpose of the statute has been served and there is every reason to give the corporation the credit for a dividend paid.  This is not to say that the matter is dependent on the individual shareholder's personal treatment of the dividend as within or without his taxable income, but rather that it is dependent on whether the receipt is objectively cognizable, see *Valley Tractor & Equipment Co.,* 42 B. T. A. 311.

Recent decisions relating to the dividends paid credit do not require the denial of the credit here.  *Atlantic Land Co.,* 43 B. T. A. 74, is entirely similar, and it was held there that the credit was allowable in the year 1936, when the dividend was declared and placed to the shareholders' credit in their accounts on the corporation's books without restriction as to withdrawal.  *Sanford Corporation* v. *Commissioner, supra,* in which the credit was held to have been properly disallowed, involved, not an unrestricted and withdrawable book credit to the shareholder within the taxable year, but a mere declaration on the last day of the year, unbeknown to the sole shareholder, and an entry to his credit at an uncertain time, perhaps in the following year.  Because of his absence he was unable to draw the amount in the taxable year.  He could not receive it and be taxed, *Avery* v. *Commissioner,* 292 U. S. 210, and the corporation made no kind of distribution which could be called a dividend paid.[2]  The corporation and not the shareholder continued throughout the taxable year to have full command and control of the dividend fund, the purpose of the statute to encourage placing earnings at the disposition of shareholders was not fulfilled, and reason for the dividends paid credit was lacking.  In *Cox Motor Sales Co.,* 42 B. T. A. 192, the dividends paid credit was disallowed because, although a dividend "of all profits" was declared in the taxable year and a credit was entered on the accounts of the shareholders, it was not thereby made subject to the complete control of the shareholders and removed from the control of the corporation; the shareholders would not have had complete control until the final accounting in the following year, cf. *C. E. Gullett,* 31 B. T. A. 1067.

In *Valley Tractor & Equipment Co., supra,* the corporation in the taxable year issued checks for the dividend.  The shareholders did not cash the checks, but the amounts were within their taxable in-

---

[1] The Surtax on Undistributed Profits, Harvard Law Review, vol. 30, p. 332; The Corporate Undistributed Profits Tax, Columbia Law Review, vol. 36, p. 1321.

[2] Cf. *In re Interborough Consolidated Corporation,* 288 Fed. 334, 341, 344.

come. The dividend was held to have been paid and the credit allowed. The difference between that case and this is that there the bank was the repository of the funds which the shareholders controlled and here the corporation continued to hold the funds wholly subject to the shareholders' unrestricted demand and control. This difference does not justify a distinction in the recognition of payment.

In *Pacific Grape Products Co.*, 42 B. T. A. 914, the corporation in the taxable year issued checks for the dividend, but, because it was clearly understood with most of the shareholders that their checks would be turned back, they were held to be without substance as payment and hence the credit was denied. However, as to the small amount of the checks which were not turned back by a few shareholders within the taxable year, the case was indistinguishable from *Valley Tractor & Equipment Co.*, *supra*, and credit was properly allowed.

There is a provision in Regulations 94, article 27 (b), which purports to cover this case.

If a corporation, instead of paying the dividend directly to the shareholder, credits the account of the shareholder on the books of the corporation with the amount of the dividend, the credit for a dividend paid will not be allowed unless it be shown to the satisfaction of the Commissioner that such crediting constituted payment of the dividend to the shareholder within the taxable year.

This article leaves the problem where it finds it. It says merely that dividends credited to shareholders' accounts are not to be regarded as paid unless the Commissioner is satisfied that they constitute payment. When a book credit is unrestricted and thoroughly subject to the demand and control of the shareholder, it is the equivalent of cash and does constitute payment of the dividend for the purpose of the dividends paid credit.

*Decision will be entered under Rule 50.*