PARKS-CHAMBERS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101802.    Promulgated January 23, 1942.

*Edward R. Kane, Esq.,* for the petitioner.
*J. Marvin Kelley, Esq.,* for the respondent.

OPINION.

BLACK: The respondent concedes error as alleged in petitioner's assignment "(c)", and adjustment for the item there involved will be made under Rule 50. The remaining issues are: (1) Whether the petitioner is entitled to use a fiscal year ending on January 31 for computing net income for each taxable year, or, if not (2) whether all or any part of a $30,000 dividend declared and paid by it on January 25, 1937, may be credited as "dividends paid" in determining petitioner's surtax on undistributed profits for the calendar year 1936.

The first question is determined by certain identical provisions in the Revenue Acts of 1934 and 1936 printed in the margin.[1]

In applying identical provisions to those set out in the margin, relating to the use of a fiscal year in filing income tax returns, the courts and this Board have strictly construed the statutory language and rejected the fiscal year basis for computing net income in cases where the accounting period involved did not end upon the last day of some calendar month. Thus in *Swift & Co.* v. *United States*, 38 Fed. (2d) 365, the taxpayer's annual accounting period, for determining profits for dividends and other business purposes, ended in October of each year. The period was composed of twelve smaller accounting groups of four or five weeks, each ending upon a Saturday and not on the last day of a month except by accident. The Government contended in that case that, since the period in dispute

---

[1] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed; or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

SEC. 48. DEFINITIONS.

\* \* \* \* \* \* \*

(b) FISCAL YEAR.—"Fiscal year" means an accounting period of twelve months ending on the last day of any month other than December.

\* \* \* \* \* \* \*

correctly reflected the taxpayer's true income and otherwise met the substantial conditions of a fiscal year, its date of ending was unimportant. The court denied the contention so made, and in its decision, among other things, said:

> The contention on behalf of the defendant is that the words "ending on the last day of any month" are not to be taken literally, but may be construed to refer to a day which is not the last day of a month but somewhere near it * * *. We are unable to agree that this statute may be so construed. It is not ambiguous, but positive and direct, and if not held to mean just what it says, by the words "the last day", it may mean any day between the middle of the month and the last day, or at least any day at all near the last day, and thus practically lose all meaning or significance so that it might just as well have never been enacted. * * *

Typical holdings of the Board in harmony with the above decision are *Clara A. McKee, Administratrix*, 11 B. T. A. 1381; *Dewitt C. Dunn*, 15 B. T. A. 1042; and *J. W. Vaughan*, 19 B. T. A. 478. In *Clara A. McKee, Administratrix, supra*, the question was whether a 12-month period, within which the entire business affairs of an estate were administered, could be treated as a fiscal year for computing the net income of that period. The period began April 17, 1921, at the death of the decedent and ended with the administratrix's final report on April 17, 1922. Substantially all of the estate income was collected in the first half of this period, while most of the taxes admittedly deductible from income were paid in the last half of the period. In these circumstances, the petitioner contended that equity justified use of the fiscal year basis for computing the net income for the whole period. Otherwise, the estate would not get the full benefit of the deductions to which it was entitled.

Basing its decision squarely upon the wording of the statute, the Board denied the contention of the petitioner in that case and, in such connection said:

> * * * The taxing statute specifically requires that net income shall be computed upon the basis of a twelve-month period "ending on the last day of any month other than December" or on the basis of the calendar year. A twelve-month period ending April 17th is not a "fiscal year" as defined in the statute and is not an accounting period which the respondent has authority under the statute to accept as a basis for an income tax return.

Obviously these decisions are in point and decisive of the issue involved in petitioner's assignment of error (a). Since neither of the periods which petitioner claims as taxable years ends upon the last day of any month, it follows that neither may be treated as a fiscal year for computing net income, and the contentions of the petitioner on this point are not sustained.

We next take up for decision petitioner's assignments of error (b) and (d). Manifestly petitioner's assignment of error (b) fails when

we hold that it is not entitled to use a fiscal year basis, as the Commissioner has determined. However, petitioner contends in assignment of error (d):

If Petitioner is required to use the calendar year 1936, then the Commissioner erred by failing to prorate and allocate to the calendar year 1936 340/365 of the $30,000 dividend paid by Petitioner on January 25, 1937.

The applicable statute and regulations are printed in the margin.[2]

The substance of petitioner's contentions in support of its assignment of error (d) is set out in its brief as follows:

In determining Petitioner's tax liability for the calendar year 1936, Respondent allocated to 1936 $^{340}/_{365}$ths of every factor which enters into the computation of Petitioner's tax liability and which occurred during the fiscal year ending January 26, 1937, with the sole and single exception of the $30,000 dividend paid by Petitioner on January 25, 1937.

Since no justification can possibly be found for Respondent's inconsistent treatment of the $30,000 dividend, Respondent should be required to allocate to 1936 in like manner $^{340}/_{365}$ths of the $30,000 dividend, and Petitioner accordingly should be allowed a dividends paid credit for 1936 of $^{340}/_{365}$ths of the $30,000 dividend.

Petitioner concedes that the method by which the Commissioner has arrived at petitioner's net income for the calendar year 1936 appears to be fair and reasonable, with the exception of the dividends paid credit, and is authorized by A. R. R. 3092 II–2 C.B. 190. The substance of A. R. R. 3092, referred to in petitioner's brief, is as follows:

It is the opinion of the Committee, since appellant closes its books on December 20 of each year, that taxable net income for the calendar year 1917 should be computed by adding that part of the income for each of the years ended December 20, 1917, and December 20, 1918, which falls in the calendar year 1917. Such income for the calendar year 1917 will be obtained by dividing taxable net income for the year ended December 20, 1917, by 12 and multiplying such one-twelfth by $11^{20}/_{31}$, to which should be added $^{11}/_{365}$ of the taxable net income for the year ended December 20, 1918, * * *

---

[2] Sec. 27 (a), Revenue Act of 1936:

"(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year."

Article 27 (a)–1 (b) and (c) of Regulations 94 provides in part:

(b) *When dividends are considered paid.*—A dividend will be considered as paid when it is received by the shareholder. A dividends paid credit can not be allowed unless the shareholder receives the dividend during the taxable year for which the credit is claimed.

\*      \*      \*      \*      \*      \*      \*

If a corporation, instead of paying the dividend directly to the shareholder, credits the account of the shareholder on the books of the corporation with the amount of the dividend, the credit for a dividend paid will not be allowed unless it be shown to the satisfaction of the Commissioner that such crediting constituted payment of the dividend to the shareholder within the taxable year.

\*      \*      \*      \*      \*      \*      \*

(c) *Methods of accounting.*—The determination of whether a dividend has been paid to the shareholder by the corporation during its taxable year is in no way dependent upon the method of accounting regularly employed by the corporation in keeping its books or upon the method of accounting upon the basis of which the net income of the corporation is computed. See section 43.

It is clear from the deficiency notice, and is further made plain in the stipulation of facts herein, that in applying the proration method described above, the Commissioner prorated to the calendar year 1936 $340/_{365}$ of each and every factor which enters into the computation of petitioner's tax liability and which occurred during petitioner's so-called fiscal year ending January 26, 1937, with the sole and single exception of the $30,000 dividend paid by petitioner on January 25, 1937.

The Commissioner justifies his failure to prorate the $30,000 dividends paid credit in the same manner as he prorated all other items of income and deductions in his brief as follows:

The petitioner, no doubt, will contend that the respondent should allocate the dividends of $30,000.00 paid on January 30, 1937, over the calendar year 1936. There is no law authorizing the Commissioner or the taxpayer to allocate a dividends paid credit. If the payment of the dividend meets the requirement of the statute it is allowable in full. If it does not meet such requirements it is totally unallowable.

It will be noted that in the foregoing quotation from the Commissioner's brief he speaks of the dividend in question as having been paid on January 30, 1937. If that were the date of the payment of the dividend there would be no argument at all but that the Commissioner should be sustained. If January 30, 1937, were the date of the payment of the dividend, then even under petitioner's theory there would be no warrant for prorating any part of the $30,000 dividends paid credit to 1936. However, petitioner contends that the date of the payment of the dividend was January 25, 1937. Under the facts which have been stipulated in the record, we think petitioner must be sustained in this contention. See *Atlantic Land Co.*, 43 B.T.A. 74, and *Valley Lumber Co. of Lodi*, 43 B.T.A. 423.

Treating the date of the payment of the dividend as January 25, 1937, as we think we must, is petitioner entitled to have the $30,000 dividends paid credit prorated in the same manner as the Commissioner has prorated other items of income and ordinary deductions? We think not. We do not think that the language of the statute or the applicable Treasury regulations printed in the margin will permit of such treatment.

The petitioner's situation is perhaps unfortunate in this respect, since it accumulated the surplus involved in these dividends in prior years and could and obviously would have distributed them during the taxable year had it realized its exact status as a taxpayer upon an irregular accounting period basis. This error, however, was not one for which the Commissioner was responsible. He in any event was required by law to compute the net income upon the basis of the calendar year. Since the authority for these credits is section 27 (a), *supra*, which limits the allowance to dividends paid dur-

ing the taxable year, it follows that the petitioner's claim under this issue must be denied. Petitioner will, of course, be entitled to receive dividends paid credit for this $30,000 dividend paid in its income tax return for the calendar year 1937. What effect that will have on its taxable income for 1937 we do not know, for we do not have that year before us. But, as already stated, we find no warrant in the law or regulations for allowing any part of this credit in computing petitioner's taxable income for the calendar year 1936.

*Decision will be entered under Rule 50.*