CHAS. F. ROESER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAXINE SHANNON ROESER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 109356, 109357, 109733, 109734.   Promulgated June 29, 1943.

*George Thompson, Jr., Esq.*, for the petitioners.
*Frank B. Appleman, Esq.*, for the respondent.

### OPINION.

HILL. *Judge:* This is a consolidated proceeding to redetermine deficiencies in income and gift taxes as follows:

| Petitioner | Tax | Year | Deficiency | Penalty | Disputed |
|---|---|---|---|---|---|
| Chas. F. Roeser | Income | 1938 | $5,066.17 | | $4,762.19 |
| Do | do | 1939 | 8,788.58 | | 7,909.73 |
| Maxine Shannon Roeser | do | 1938 | 5,066.17 | | 4,762.19 |
| Do | do | 1939 | 8,788.58 | | 7,909.73 |
| Do | Gift | 1938 | 112.50 | $28.13 | All |
| Do | do | 1939 | 450.00 | 112.50 | All |
| Do | do | 1940 | 524.06 | 131.02 | All |
| Chas. F. Roeser | do | 1938 | 225.00 | | All |
| Do | do | 1939 | 700.31 | 175.08 | All |
| Do | do | 1940 | 698.93 | 174.73 | All |

This proceeding was submitted on a stipulation of facts which are found as stipulated. Petitioners filed their income tax returns on the community property basis for the years in question with the collector of internal revenue for the second district of Texas. The pleadings present the following questions, which will be discussed in order:

(1) Are petitioners taxable on the 1938 and 1939 income from a trust created by petitioner Chas. F. Roeser, wherein his two minor children were named beneficiaries?

(2) Are petitioners subject to gift tax liability on the distributions made during 1938. 1939. and 1940 of trust income to their two minor children? If we should determine there is such liability there inheres the further question of whether the gifts giving rise thereto were of present or future interest.

(3) If a gift tax liability is determined, should there be added thereto 25 percent thereof for failure to file gift tax return?

(4) Would the taxation to petitioners of the trust income or the imposition upon them of gift taxes because of the distributions of the trust income as above indicated be in violation of the Fifth Amendment to the Constitution?

Petitioners are and have been at all times herein material husband and wife, residing at Fort Worth, Texas. Their income tax returns for the years 1938 and 1939 were filed on the community property basis.

Petitioner Chas. F. Roeser on August 30, 1938, executed a trust, creating as the corpus thereof 20,000 shares of the capital stock of Roeser & Pendleton. Inc., a corporation of which he was president and majority stockholder. The donor designated himself as trustee, with the following powers: to sell, at his discretion, the securities constituting the corpus; vote the stock; exchange securities; enter agreements in respect to stock redemption; consent to corporate reorganization; pay stock assessments; exercise options contained in any securities; execute releases; and "generally to exercise in respect of all stocks. bonds, securities, notes or other investments held by the trustee all such rights, powers and privileges as may be lawfully exercised by any person owning similar property in his own right." The trustee was limited only to making any authorized payments from principal or funds furnished by the donor. It was unnecessary that securities be registered or held in the name of the trustee, he having the right. without increasing or decreasing his liability, to register or hold them in the name of nominees or retain them in bearer form. In addition to these powers, the trustee was granted authority common to all active trusts such as the power to execute legal instruments. deal in property interests belonging to the trust, borrow money necessary to protect the corpus, and sue and defend

claims. The trustee was answerable only for his willful and intentional gross neglect or dishonesty.

The trust was to continue until the death of the survivor of the donor and his wife, Maxine Shannon Roeser, one of the petitioners herein. Donor's two minor daughters were made primary beneficiaries, and the trustee was directed to distribute the income "as and when received," less administration expenses, one-half to go to each child. In the event of the death of either beneficiary during donor's life, donor, at his election, could receive deceased's share of the income. Otherwise, it was to go to the heirs of her body or, if there were none, to her sister and the heirs of her body.

Should the trust terminate upon donor's death, the corpus was to be paid over to his nominees. In case donor failed to exercise his power of appointment or if the trust terminated upon the death of donor's wife, then the corpus was to be divided equally between the two children or the heirs of their body per stirpes.

Donor reserved the right to appoint a successor trustee. Upon the termination of the trusteeship of a successor trustee. his discharge from liability was subject to the release of donor. Donor also reserved the right to:

* * * modify or alter the agreement and the trusts then existing, including [without limiting the generalty of the foregoing] the power to change the beneficiaries of the income and principal thereof, to increase or decrease their beneficial interests hereunder, and to add to, or substitute for, either or both of the original beneficiaries of either principal or income * * * provided, however, that the Donor shall have no power to modify or alter this agreement, or the trusts at any time existing hereunder, so as to increase directly or indirectly the interest of the Donor cr his estate in the income from the trust funds or to cause any part of such income to be applied to the payment of premiums upon policies of insurance on the life of the Donor nor to revest in the Donor or his estate title to any part of the principal of the trust funds or accumulated income thereon.

The trust contained a "spendthrift clause," to be ineffectual, however, should its operation subject the donor to a gift tax.

On June 11, 1940. the donor resigned as original trustee and, pursuant to power reserved. appointed Marshall R. Young, George Thompson, Jr.. and Chas. F. Roeser as trustees. Young was a stockholder and vice president of Roeser & Pendleton, Inc., while Thompson was the attorney for both the corporation and donor. A single trustee vacancy was thereafter to be filled by the two remaining trustees and a double vacancy by the one remaining trustee. Should donor die. however, his wife was to have the power of naming a successor trustee. this right having been given her in the original trust instrument and expressly continued in the modification.

The income from this trust for the years 1938. 1939. and 1940 was $15,000, $30,000, and $20,000, respectively. One-half of the income

was distributed to each of the children during the year received. Chas. F. Roeser, as natural guardian, purchased United States bonds and annuity insurance for the benefit of each child with part of the proceeds, the balance remaining in their respective savings accounts. No part of the distribution was used for the care, maintenance, education. or support of the children. Each child paid income taxes on one-half of the trust income for the years 1938. 1939, and 1940.

Respondent contends that the trust income was taxable to the grantor under authority of either sections 166. 167, or 22 (a) of the Revenue Act of 1932, as amended. and identical sections of the Internal Revenue Code. It is conceded that. under this theory, one-half the resulting tax would be assessed to each petitioner. since such income would be community property under the laws of Texas.

In *Helvering* v. *Clifford*, 309 U. S. 331, the Supreme Court had before it a "family trust" in which the donor was trustee, with the income thereof going to his wife. Donor had reserved many powers and rights of control over the corpus. The Court held that the rights and powers, as a whole, retained by donor were so consistent with the normal concept of full ownership of the corpus that. within the meaning of section 22 (a), the donor must be regarded as the owner thereof, and that the income, therefore, was taxable to him.

While no one fact may be decisive in determining the question of ownership for tax purposes, the dominant fact is the extent of the donor's actual control. *Commissioner* v. *Buck*. 120 Fed. (2d) 775. It is our opinion that the facts in the instant proceeding make the principle therein announced applicable here.

By the terms of the instant trust donor constituted himself trustee and. as such. clothed himself with all rights and powers respecting control of the investments that could be exercised by a person "owning similar property in his own right." This expressly included the right to vote the stock and to hold investments in the name of nominees or in bearer form. As donor, he reserved the right to appoint a successor trustee, and, though this was modified in 1940. it continued in so far as it applied to petitioner Maxine Shannon Roeser. Donor also retained the right to change the beneficiaries and the beneficial interests in both principal and income. The donor was president and a major stockholder of Roeser & Pendleton. Inc. It was stock of this corporation. formerly registered in donor's name. which became the corpus of the trust. It is clear beyond peradventure that the donor continued to enjoy every incident of control over this stock which had been his prior to the creation of the trust. Moreover, the stock dividends remained within the family group. the trust doing no more than reallocating the income as between its members. Even this was ever subject to donor's will. Such facts impel us to conclude that the donor continued to be the owner of the corpus for purposes of section

22 (a). *Commissioner* v. *Buck, supra; Cory* v. *Commissioner,* 126 Fed. (2d) 689; *Morton Stein,* 41 B. T. A. 994; *Herbert W. Hoover,* 42 B. T. A. 289; *Brown* v. *Commissioner,* 131 Fed. (2d) 640.

Petitioners contend that the instant trust should not be brought within the application of section 22 (a) because it is of long duration. This argument was advanced by and decided adversely to petitioners in the recent case of *Verne Marshall,* 1 T. C. 442. The point was fully discussed in our opinion there, wherein we said that "the present view of this tribunal is that the length of the term is only one of the factors to be taken into consideration [in determining the taxability of trust income to grantor under 22 (a)]."

Petitioners rely upon the cases of *Commissioner* v. *Betts,* 123 Fed. (2d) 534; *Commissioner* v. *Branch,* 114 Fed. (2d) 985; and *Robert S. Bradley,* 1. T. C. 566, in support of their position. These cases are distinguishable from the instant case on the facts of prime importance. Pursuant to each instrument involved therein the donor retained no power to alter or revoke the trusts without the consent of adverse interests. Here donor could make changes at his own behest.

We hold that petitioners are taxable on the 1938 and 1939 income from the trust in question under authority of section 22 (a) and, accordingly, the income tax deficiencies proposed by respondent are approved.

This conclusion renders it unnecessary to consider whether section 166 or 167 is applicable.

Petitioner Chas. F. Roeser filed a 1938 gift tax return by which respondent was advised of the creation of this trust on August 30, 1938. No gift tax was paid, however, on the ground that the gift was incomplete under the doctrine of *Hesslein* v. *Hoey,* 91 Fed. (2d) 954. Respondent has acquiesced in this interpretation of the effect of the trust instrument and rightly so. It is now established beyond cavil that a transfer of property upon trust, with power reserved to donor to so modify it as to designate new beneficiaries or change the beneficial interests, even though not in his own favor, is incomplete and not subject to a gift tax. *Sanford's Estate* v. *Commissioner,* 308 U. S. 39; *Rasquin* v. *Humphreys.* 308 U. S. 54.

Such a transfer becomes complete only upon grantor's death or upon prior renunciation of his reserved powers of modification. Neither of these events had taken place in the present case and, accordingly, no completed gift of the trust corpus had been made. However, notwithstanding the incompleteness of the gift in trust, the two beneficiaries named therein have received all of the trust net income. The power to direct the distribution of such income to the persons originally named as beneficiaries in the trust or to persons other than those so named was reposed in the donor. Petitioners' two children received the trust income by reason of the donor's direc-

tion to the trustee to pay it "as and when received" plus the donor's nonexercise of his reserved power to change the beneficiaries. Consequently, the distribution of the trust income to petitioners' two children did not stem from a beneficial interest of the latter in the trust corpus and hence was not income to them. No right to receive such income was created or existed in the two children until such distribution was made. Hence, the distribution of the trust income to the two children in the years 1938, 1939. and 1940 constituted gifts thereof, respectively, by petitioners to them. Until such distribution the donor had the power to name other distributees of such income and not until such distributions were made did the two children become unconditional owners of such income. *Comissioner* v. *Warner*, 127 Fed. (2d) 913; *Leonard A. Yerkes*, 47 B. T. A. 431 (on appeal, C. C. A., 3d Cir.)

Petitioner Chas. F. Roeser, the grantor, and petitioner Maxine Shannon Roeser, his wife, should have reported gifts to each of their children for the years 1939 and 1940, and this they failed to do. Petitioners were each liable for a gift tax on one-half of the total net gifts made in those years, the subject of the gifts being community property under Texas law. subject to Chas. F. Roeser's exclusive control as husband. Vernon's Texas Civil Statutes, art. 4619, sec. 1.

Inasmuch as petitioners failed to file gift tax returns for the years in question, respondent prepared "Substitutes for Returns" and thereafter determined the deficiencies which are here in issue. In his determinations, respondent treated as taxable gifts from each petitioner one-half the total amounts of $15,000. $30,000. and $20,000 distributed, respectively, in 1938, 1939, and 1940. No exclusions were allowed. In disallowing the statutory exclusions, respondent committed error.

Section 1003 (b) of the Internal Revenue Code provides as follows:

(b) EXCLUSIONS FROM GIFTS.—

(1) GIFTS PRIOR TO 1939.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year 1938 and previous calendar years, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

(2) GIFTS AFTER 1938.—In the case of gifts (other than gifts in trust or of future interests in property) made to any person by the donor during the calendar year 1939 and subsequent calendar years. the first $4,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

In 1938 petitioners gave, as a marital community, $15,000 to two daughters, one-half to each. Each petitioner made a gift of $3,750 to each donee. The first $5,000 in gifts to any one person in 1938 is not includible in the total gifts to be reported unless it be one of a future interest in property. Respondent claims the gifts were of

future interests on the ground that the donees did not have the immediate use, possession or enjoyment of such income. Apparently, respondent bases this statement on the fact that the donees were minors. If so, he has misconceived the meaning of the statute. The exclusion is not allowed when the element of future use and enjoyment of the transferred property is created by the terms of the transfer itself. Here the donees, though minors, had the present possession and use of the income the moment it was received. That fact is clear from the use which was made of the gift, the purchase of registered bonds and annuities. Obviously, the donees could not have purchased securities for a consideration which would not be theirs until some future date. Moreover, it has frequently been held that present interests are susceptible of gifts to minors and that the donors thereof, accordingly, are entitled to an exclusion with respect to such gift. *Elizabeth H. Fisher*, 45 B. T. A. 958; affd., 132 Fed. (2d) 383; *Charles* v. *Hassett*, 43 Fed. Supp 432. The cited cases both held that gifts of trust income were present interests. Petitioners were each entitled to $5,000 exclusions for their 1938 gifts to each of the two children. The application of the exclusions reduces the gifts to an amount which need not be reported. We disapprove the determination of the deficiencies in gift taxes for 1938.

Our conclusion that the 1938 gifts were not of future interests is equally applicable to the gifts of 1939 and 1940. However, for the latter years a disallowance of the exclusion, now reduced to $4.000, is also made. Petitioners are each entitled to a $4,000 exclusion from their gifts to each donee for each of the years 1939 and 1940. The net gifts for each of those years are subject to gift tax.

Petitioners failed to file a gift tax return for either of the years here involved. (Chas. F. Roeser made a return for 1938 of the gift in trust which is not here involved.) We hold that it was unnecessary for Maxine Shannon Roeser to report her 1938 gifts to the two children, since the amounts thereof were less than the allowable exclusions. However, both petitioners had net taxable gifts for the years 1939 and 1940. Section 3612 (d) (1) Internal Revenue Code [1] provides that the Commissioner shall add to the tax 25 percent of its amount in case of a failure to make and file a return. Such addition to the tax is mandatory under the facts here. *Fidelity-Bankers Trust Co., Trustee*, 37 B. T. A. 142; affd.. 113 Fed. (2d) 14; *Kathryn Lam-*

---

[1] SEC. 3612. RETURNS EXECUTED BY COMMISSIONER OR COLLECTOR.

\* \* \* \* \* \* \*

(d) ADDITIONS TO TAX.—

(1) FAILURE TO FILE RETURN.—In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax \* \* \*

*merding*, 40 B. T. A. 589; affd., 121 Fed. (2d) 80. The question of reasonable cause arises only in the case of delinquent returns, not where taxpayer has filed no return whatever.

Accordingly, we hold that 25 percent of the gift tax herein determined to be due should be added to such tax because of failure to file gift tax returns for 1939 and 1940.

Petitioners claim that to charge them with income tax on the trust income and with gift tax on the distributions of the trust income to their two children would violate the due process clause of the Fifth Amendment to the Constitution. It is obvious, we think, from a consideration of the stipulated facts on which this proceeding is submitted and of the legal principles which we hold to be applicable thereto, that such contention is not well founded. Cf. *Helvering* v. *Horst*, 311 U. S. 112; *Reinecke* v. *Smith*, 289 U. S. 172; *Bromley* v. *McCaughn*, 280 U. S. 124; *Dupont* v. *Deputy*. 26 Fed. Supp. 773.

In their brief petitioners argue what is termed an alternative plea in estoppel. Since no such issue was raised by the pleadings, we have given no consideration to it.

> *In Docket Nos. 109356 and 109357 decision will be entered for the respondent. In Docket Nos. 109733 and 109734 decision will be entered under Rule 50.*