OPINION. Leech, Jv/Lge: The respondent, by his answer, affirmatively alleges facts which he contends estop the executors of the decedent’s estate from claiming the properties in controversy were other than community property. The respondent, therefore, has the burden of proving all the essential elements constituting an estoppel. United States v. Dickinson, 95 Fed. (2d) 65; Hull v. Commissioner, 87 Fed. (2d) 260; Commissioner v. Union Pacific R. R. Co., 86 Fed. (2d) 637; Joyce v. Gentsch, 141 Fed. (2d) 891. The facts upon which the respondent relies as constituting an equitable estoppel are admitted by petitioners. Do they contain all the essential elements to justify the application of the doctrine? The essential elements of an equitable estoppel as outlined in many cases are briefly summarized in United States v. Scott & Sons, 69 Fed. (2d) 728, 732, where it is said: * * * To constitute estoppel (1) there must be false representation or wrongful misleading silence. (2) The error must originate in a statement of fact and not in an opinion or a statement of law. (3) The person claiming the benefits of estoppel must be ignorant of the true facts, and (4) be adversely affected by the acts or statements of the person against whom an estoppel is claimed. The stipulated facts show that decedent and his wife since their marriage have always lived in community property jurisdictions. For the taxable years 1920 to 1937, inclusive, their income tax returns were filed on a community property basis. For the. years 1938, 1939, and 1940, decedent and his wife began filing their income tax returns on the basis that the securities held in their separate names were their respective separate property. In 1941 decedent and his wife again began to file income tax returns on a community property basis, showing equal division of their income from all sources. Decedent filed claims for refunds for the years 1938 to 1940, inclusive, contending for those years that he had overpaid his Federal income tax (consequently his wife had underpaid hers) because they had included as separate income the income from the securities held in their separate names, whereas all securities, whether or not held in their separate names, constituted community property and the income therefrom was community income. In support of such contention the decedent and his wife executed an affidavit under date of May 24,1940, stating, in substance, that at the time of their marriage neither was possessed of any property, none had been acquired by legacy or otherwise, and all property acquired since was the result of the personal services of the decedent. They further stated: “We have always considered any property owned by us, even though carried in our seperate [sic} names, to be community and owned equally by each of us.” Since this affidavit was made subsequent to the time the decedent gave his check for $20,000 to purchase a home on August 3, 1939, the deed to which was taken in the wife’s name, such property was covered by such affidavit. The respondent, relying upon such statements of fact, found overassessments due decedent and deficiencies due from the wife in each of those respective years. For the year 1939 decedent and his wife joined in signing a consent providing for the crediting of decedent’s overassessment against the wife’s deficiency, and their tax liabilities were settled on that basis. The decedent’s death occurred prior to the time the revenue agent’s report covering the years 1938 and 1940 was completed. Acceptance of proposed assessment on account of decedent’s tax liability for such years was filed by his wife, as executrix, and their tax liabilities for those years were settled on that basis. The income tax returns for the years 1941 and 1942 were prepared on the basis that all the property of the decedent and his wife was community property and the income therefrom was reported in equal shares in their separate returns. The. decedent’s income tax return for the period January 1, 1942, to his death on November 21, 1942, wias subscribed and sworn to by decedent’s executors, petitioners herein. The respondent, in his answer, alleges that the statute of limitations bars the reopening of all the Federal income tax returns filed by the decedent and his wife for the purpose of recomputing the increased tax which would be due if, in fact, the securities standing in the name of decedent’s wife were not a part of their community property. We think it apparent that the respondent is now barred from recomputing and collecting the increased taxes that would otherwise be due. Petitioners concede that injury has been suffered by the respondent, and, in their reply to the defense of estoppel, by way of avoidance, offer to pay the increased tax with interest that would be due if the property standing in the name of. decedent’s wife was not community property. We are without jurisdiction to consider such offer. We think that the respondent has established all the essential elements of an equitable estoppel warranting the application of the doctrine. Petitioners contend that, since the residential property has produced no income, the respondent has suffered no detriment and the estoppel should not be applied to such property. We find no merit in such contention. The stipulated fact is that decedent furnished all the consideration for the purchase of the residential property. Subsequent to the taking of the deed in the wife’s name, decedent asserted under oath that such property was community property. The position now urged by the decedent’s executors is contrary to that consistently taken by decedent during his lifetime. They are estopped from so doing to their present advantage by the pleaded estoppel. Stearns Co. v. United States, 291 U. S. 54; Alamo National Bank of San Antonio, 36 B. T. A. 402; affd., 95 Fed. (2d) 622; certiorari denied, 304 U. S. 577. The fact that decedent’s wife, individually, joined in making such affidavit renders her assertion, as the legal representative of the decedent, less impressive. At the trial the wife vigorously maintained that she had not read the affidavit before signing and did not understand its purport. Since the estoppel is not being applied against her individually, the truth or falsity of such fact is of no controlling significance. The further testimony of the wife attempting to establish that the property standing in her name at decedent’s death was, in fact, her separate property, even if we were inclined to give her testimony in this respect full credence, likewise is unimportant. Its effect here is to show the falsity of the statement made under oath by the decedent to the contrary. Our conclusion that the affirmative plea of equitable estoppel has been established disposes of the issue as to the character of all the property in controversy. It is, therefore, unnecessary to pass upon the further contention of the petitioners that the decedent made a gift of the residential property to his wife in August 1939 and such gift was not made in contemplation of death. All the property here in question, being the community of the decedent and his wife, is properly includible in his gross estate under section 811 (e) (2) of the Internal Revenue Code as amended by section 402 of the Revenue Act of 1942. Since other issues have been covered by stipulation, Decision will be entered under Rule 50.