ESTATE OF LOUIS STOCKSTROM, DECEASED, ARTHUR STOCKSTROM, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18681. Promulgated April 20, 1950.

*Chase Morsey, Esq.*, for the petitioner.
*Frank M. Cavanaugh, Esq.*, for the respondent.

654

OPINION.

JOHNSON, *Judge*: Section 504 (b) of the Revenue Act of 1932 provides that in the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year. Prior to the decisions of the Supreme Court of the United States in *Helvering* v. *Hutchings* (1941), 312 U. S. 393; *United States* v. *Pelzer* (1941), 312 U. S. 399; and *Ryerson* v. *United States* (1941), 312 U. S. 405, this and other courts experienced difficulties in applying the term "future interests." See Paul, Federal Estate and Gift Taxation, vol. II, pp. 970–971. It was held in several cases involving gifts in trust that the trust was the "person" to whom the gift was made, and that the gifts were of a present interest, thus entitling an individual making a gift in trust to one $5,000 exclusion. *Commissioner* v. *Wells* (C. C. A., 7th Cir., 1937), 88 Fed. (2d) 339; *Commissioner* v. *Krebs* (C. C. A., 3d Cir., 1937), 90 Fed. (2d) 880; *Seymour H. Knox*, 36 B. T. A. 630. Other courts later held that gifts in trust are gifts to the beneficiaries rather than to the trusts, and that the right to the exclusion depends upon whether each beneficiary acquired a present or a future interest. *Welch* v. *Davidson* (C. C. A., 1st Cir., 1939), 102 Fed. (2d) 100; *Robertson* v. *Nee* (C. C. A., 8th Cir., 1939), 105 Fed. (2d) 651; *Rheinstrom* v. *Commissioner* (C. C. A., 8th Cir., 1939); and *McBrier* v. *Commissioner* (C. C. A., 3d Cir., 1939), 108 Fed. (2d) 967. This Court thereafter applied the principle enunciated in the last mentioned decisions. *Wilton Rubinstein*, 41 B. T. A. 220; affd., 124 Fed. (2d) 696. The Supreme

Court, in the *Hutchings*, *Pelzer*, and *Ryerson* cases, decided in 1941, also applied the same principle, and indicated its approval of article 11 of Treasury Regulations 79 (1933 Ed.), issued under the 1932 Act, as a correct construction of section 504 (b). The regulation treated each gift to the beneficiary of a trust as entitled to the benefit of the $5,000 exclusion unless the gift was of a "future interest."

The petitioner contends that, inasmuch as at the time the transfers in trust here involved were made, decisions had been rendered in *Commissioner* v. *Wells*, *supra*, and *Commissioner* v. *Krebs*, *supra*, to the effect that the trust was the donee and a transfer in trust effected a gift of a present interest, and inasmuch as the Commissioner temporarily acquiesced in this erroneous expression of the law,[1] the Commissioner and this Court are bound to continue to apply it in determining petitioner's gift tax liability for 1938, even though it has been held to be erroneous. We do not feel that any extended discussion of this contention is necessary. Cases such as *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110, and *Helvering* v. *Griffiths*, 318 U. S. 371, have no application. They involved instances where the Treasury Department changed a regulation which had been in effect for many years and was unsuccessful in its attempt to apply the changed regulation retroactively, and where it unsuccessfully attempted to get the Supreme Court to overrule *Eisner* v. *Macomber*, 250 U. S. 189, after the Court's holding therein, that a dividend in common stock paid on stock of the same kind did not constitute taxable income, had been set forth in Treasury Regulations and recognized by Congress for many years. In the instant proceeding the respondent is not taking any action which conflicts with any regulation of long standing. The regulations have always properly interpreted the statute with respect to gifts of future interests. The Commissioner's action in following an erroneous expression of the law, before the question of the proper rule to be applied in determining whether a transfer to a trust resulted in the transfer of a present or a future interest had been settled by the Supreme Court, does not have the binding effect of a Treasury regulation. He was bound to apply the law as set forth in the Supreme Court's decisions in the *Hutchings*, *Ryerson*, and *Pelzer* cases, *supra*. Those cases all involved transfers in trust made prior to 1939, and settled the law with respect to such transfers.

Apparently the petitioner has conceded that, if these three Supreme Court decisions are controlling, the transfers in trust herein involved are transfers of future interests made to the beneficiaries of each trust, as determined by the respondent, because he has not placed in evidence

---

[1] C. B. 1938–1, p. 32.

the ten trust instruments so that we could consider their provisions and decide whether or not any of the beneficiaries received a transfer of a present interest. The failure of petitioner to place these instruments in evidence leaves this Court with no alternative but to approve the respondent's determination that the transfer made to the beneficiary of each trust was of a future interest with respect to which no exclusion is permitted by the statute.

On brief, the petitioner states that no gift tax return was filed for 1938; that it was the duty of the collector under section 3612, Internal Revenue Code, to file a return; and that the respondent is without power to propose the assessment of a gift tax unless and until a gift tax return is filed. Even if this be conceded, it does not help the petitioner. The question in this proceeding is whether or not the petitioner is liable for the deficiency in gift tax for 1938 determined by the respondent, and not whether the respondent has or has not the power to propose the assessment of such tax. The allegations of error in petitioner's petition are that the respondent erred in determining that gifts made to ten trusts by decedent in 1938 were gifts of future interests and in not allowing exclusions of $5,000 in connection with each gift. For reasons hereinbefore mentioned, the petitioner has not proved that the respondent erred as alleged, and the respondent's determination of the deficiency for the year 1938 is sustained.

The remaining question relates to the penalty for failure to file a gift tax return for the year 1938. The applicable statute, section 519 of the Revenue Act of 1932, provides:

In case of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made on the tax.[2]

Under these statutory provisions the imposition of the penalty where no return is filed is mandatory, even though this failure may have been due to reasonable cause. The "reasonable cause" provision only applies where a delinquent return is filed. No gift tax return was filed for or on behalf of the decedent for the year 1938. The respondent's determination that 25 per cent of the tax should be added thereto must be, and is, approved. *William Fleming*, 3 T. C. 974, 988; affd., 155 Fed. (2d) 204.

*Decision will be entered for the respondent.*

---

[2] So far as applicable, this section is the same as section 3612 (d) (1) of the Internal Revenue Code.