HARRY GINSBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48824.   Filed May 26, 1955.

*Murray Steyer, Esq.,* and *I. Frederick Shotkin, Esq.,* for the petitioner.

*James J. Quinn, Esq.,* for the respondent.

---

## OPINION.

ARUNDELL, *Judge:* The principal question in this case is whether respondent is estopped to determine a deficiency in gift tax against the petitioner for the year 1937.

Petitioner contends that his failure to file a gift tax return and pay a gift tax for 1937 was induced by the actions of the respondent and that respondent is estopped to deny that the statute of limitations bars assessment of a deficiency in gift tax for 1937.

Petitioner's contention is based essentially on the fact that he filed a gift tax return in 1935, reporting as gifts certain transfers to

revocable trusts, and that the respondent subsequently wrote petitioner requesting copies of the trust instruments. After complying with the request, petitioner heard nothing further regarding his gift tax liability for 1935 until respondent in 1953 determined a deficiency in gift tax for 1937, based largely on the petitioner's making irrevocable in 1937 the trusts created in 1935. Petitioner argues that the acts of the respondent were equivalent to a statement that the gifts were properly reported in 1935.

We are of the opinion that no estoppel operates against respondent in this case and that the deficiencies were properly determined.

It is well settled that no estoppel can arise against the Commissioner from his accepting the taxpayer's returns and failing to correct the taxpayer's errors therein. *Niles Bement Pond Co.* v. *United States*, 281 U. S. 357, wherein the Supreme Court said:

failure of the Commissioner to correct the returns in these respects is as attributable to his error or oversight or lack of information as to any opinion on his part as to the propriety of the deductions in the years made.

See also *Mt. Vernon Trust Co.* v. *Commissioner*, 75 F. 2d 938.

The mere fact that respondent sent petitioner a letter in 1936 requesting copies of the trust instruments has no particular significance, nor does the fact that a revenue agent investigating petitioner's income tax returns asked certain questions about the gifts so as to determine the deductibility of expenses incident thereto for income tax purposes.

We think it must be regarded as fundamental that to constitute estoppel there must be a false representation or wrongful, misleading silence relied on by the party claiming estoppel and the error must originate in a statement of fact and not in an opinion or a statement of law. *United States* v. *Scott & Sons*, 69 F. 2d 728; *Estate of George Kingdon*, 9 T. C. 838, 844. See *Sturm* v. *Boker*, 150 U. S. 312.

In the case before us, the failure to file a gift tax return for 1937 was clearly due not to any misrepresentation of fact or other inducement on the part of the Commissioner but to an erroneous interpretation of the law on the part of petitioner's accountant. It is plain that the accountant chose the wrong year in which to report the gift and he should have known that the gifts became complete not in 1935 but in 1937 when the trusts were made irrevocable. The Supreme Court had made this abundantly clear in 1933 in the case of *Burnet* v. *Guggenheim*, 288 U. S. 280.

Petitioner cites as squarely governing this case the holding of the Court of Appeals for the District of Columbia in *Stockstrom* v. *Commissioner*, 190 F. 2d 283, reversing a decision of this Court reported at 14 T. C. 652. Without deciding at this time whether in an appropriate case we will follow the decision of the Court of Appeals, we think it clear that the facts in that case are plainly distinguishable and have no application to the case before us.

In the *Stockstrom* case the taxpayer, in failing to file a timely gift tax return, relied on a series of Court decisions acquiesced in by the Commissioner.

Stockstrom's representative conferred with the head of the Federal estate and gift tax section of the office of the Bureau of Internal Revenue in St. Louis, Missouri, who stated to them that no gift tax for the year involved was due.

Several years later the Commissioner determined a deficiency in gift tax based on decisions of the Supreme Court which reversed the earlier decisions on which Stockstrom had relied.

The Court of Appeals held, with one of the three Judges dissenting, that under the circumstances of that case Stockstrom's omission to file a gift tax return and pay a gift tax for 1938 had been induced by the Commissioner and that he was therefore estopped to assert liability arising from that omission.

In the case before us, there was no conference with revenue officials, nor did petitioner rely on Court decisions in concluding that the gift tax was payable in 1935 rather than in 1937. Indeed, as we have previously pointed out, that conclusion seems to have been based rather on a lack of awareness of the decisions of the Supreme Court.

Although the petition herein asserts that the gifts giving rise to the deficiencies were of present interests entitled to the applicable gift tax exclusions and that respondent erred in treating them as gifts of future interests, this assertion of error was not mentioned by counsel for the petitioner either at the hearing or on brief and it is deemed to have been abandoned. That being the case, there is no question as to the amounts of the deficiencies for either of the years 1937 or 1948 and, since the petitioner has failed to show that the Commissioner was estopped to determine the deficiency for 1937, it follows that the deficiencies for both years must be sustained as determined.

An additional question is raised as to penalties for failure to file imposed by the respondent. We are of the opinion that the penalties must be sustained. The wording of the statute [1] makes the penalty mandatory except where a return has subsequently been filed. In the absence of such filing, there is no purpose in considering whether the

---

[1] SEC. 3612. RETURNS EXECUTED BY COMMISSIONER OR COLLECTOR.

(d) ADDITIONS TO TAX.—

(1) FAILURE TO FILE RETURN.—In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax: *Provided,* That in the case of a failure to make and file a return required by law, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, if the last date so prescribed for filing the return is after August 30, 1935, then there shall be added to the tax, in lieu of such 25 per centum : 5 per centum if the failure is for not more than 30 days, with an additional 5 per centum for each additional 30 days or fraction thereof during which failure continues, not to exceed 25 per centum in the aggregate.

original failure to file was or was not due to reasonable cause rather than willful neglect. *Chas. F. Roeser*, 2 T. C. 298; *William Fleming*, 3 T. C. 974. Although this result may appear harsh, particularly as regards that part of the penalty stemming from transfers on which a tax had been prematurely paid in 1935, we have no alternative in light of the statute and decisions. It may be noted that under section 6651 of the Internal Revenue Code of 1954 a showing of reasonable cause will prevent imposition of the penalty for failure to file gift tax returns on time whether or not a return has subsequently been filed.

*Decision will be entered for the respondent.*